# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**PHILIP JOSEPH SPEAR**

v.                                   CRIMINAL NO. 1:17CR17-LG-RHW
                                     CIVIL NO. 1:17CV267-LG

**UNITED STATES OF AMERICA**

## MEMORANDUM OPINION AND ORDER DENYING
## MOTION TO VACATE UNDER 28 U.S.C. § 2255

**BEFORE THE COURT** are the [26] Motion Under § 2255 to Vacate, Set Aside, or Correct Sentence by Person in Federal Custody and the [37] Motion to Amend 2255 Motion filed by Philip Joseph Spear. This Court conducted a hearing on June 13, 2018, at which Spear and his former counsel were present and testified. After consideration of Spear's Motions, the Government's response, the testimony and arguments at the hearing, the pleadings and record on file, and the relevant legal authority, the Court finds that the Motion to Amend should be granted. Spear's 2255 Motion, as amended, is denied.

## BACKGROUND

Spear pled guilty to an information accusing him of two counts of production of any visual depictions of a minor engaged in sexually explicit conduct in violation of 18 U.S.C. § 2251(a), one count of production of any visual depictions of a minor engaged in sexually explicit conduct by a person having custody or control of a minor in violation of 18 U.S.C. § 2251(b), one count of transportation of any visual depictions of a minor engaging in sexually explicit conduct in violation of 18 U.S.C.

§ 2251(c), one count of distribution of any sexual depictions of a minor engaging in sexually explicit conduct in violation of 18 U.S.C. § 2252(a), and one count of possession of any visual depictions of a minor engaging in sexually explicit conduct in violation of 18 U.S.C. § 2252(a)(4)(B).

This Court sentenced Spear to a total of 1920 months imprisonment and a life term of supervised release. This Court also ordered that Spear pay restitution in the amount of $47,500, a special assessment of $600, and an additional special assessment of $30,000.

Spear filed a 2255 Motion alleging that (1) his attorneys provided ineffective assistance of counsel by failing to file a notice of appeal; (2) his attorneys provided ineffective assistance of counsel by waiving the preliminary hearing; (3) the information violated the Double Jeopardy Clause's multiplicity doctrine; (4) his attorneys provided ineffective assistance by failing to object to the life term of supervised release imposed by the Court; and (5) the restitution order imposed by the Court was unconstitutional. Spear has also filed a Motion to Amend his 2255 Motion to assert the following claims of ineffective assistance of counsel: (1) failure to provide discovery to Spear; (2) violation of Spear's right to a fair trial; (3) violation of Spear's Fifth Amendment right to due process; (4) failure to inform Spear of court proceedings; (5) failure to argue Spear's medical history, medical condition, age, and military service to support or request a sentence departure/variance; (6) failure to request a mental examination; (7) failure to object to Spear's sentence; (8) failure to allow Spear's family to speak on his behalf at the

sentencing hearing; (9) failure to file a motion to dismiss for failure to indict and violation of his speedy trial rights; (10) failure to file a motion to dismiss for violation of Spear's Miranda rights; (11) failure to allow Spear to read, view, or examine the presentence investigation report; (12) use of deceptive practices to coerce and threaten Spear to waive his rights and plead guilty; and (13) failure to ask for the Court to accept the Government's recommendation of sentencing Spear to the low end of the guidelines.

## DISCUSSION

28 U.S.C. § 2255(a) provides four grounds for relief: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "that the court was without jurisdiction to impose such sentence;" (3) "that the sentence was in excess of the maximum authorized by law;" and (4) that the sentence is otherwise "subject to collateral attack."

### I. MOTION TO AMEND 2255 MOTION

The Court finds that Spear's Motion to Amend his 2255 Motion should be granted. Therefore, the Court will consider the arguments Spear asserted in his Motion to Amend as well as the arguments he made in his original Motion in this Memorandum Opinion and Order.

### II. INEFFECTIVE ASSISTANCE FOR FAILURE TO FILE A NOTICE OF APPEAL

This Court conducted a hearing on the issue of whether Spear asked his attorney to file an appeal, because an attorney's failure to file a notice of appeal when requested — even when the right to appeal or collateral review has been

waived — is per se ineffective assistance of counsel. *See United States v. Tapp*, 491 F.3d 263, 265 (5th Cir. 2007).

> In such circumstances, if the petitioner is able to demonstrate by a preponderance of the evidence that he requested an appeal, prejudice will be presumed and the petitioner will be entitled to file an out-of-time appeal, regardless of whether he is able to identify any arguably meritorious grounds for appeal that would not be precluded by the terms of his appeal waiver.

*Id.* at 266. After hearing testimony from Spear and his counsel, the Court finds that Spear did not request that his counsel file a notice of appeal. Therefore, Spear did not demonstrate that his attorneys provided ineffective assistance on this basis.

### III. INEFFECTIVE ASSISTANCE OF COUNSEL BY COERCING AND DECEIVING SPEAR TO WAIVE HIS RIGHTS AND PLEAD GUILTY

Spear claims that his attorneys coerced him to plead guilty and waive his rights by threatening that Spear's wife would be prosecuted. Spear argues that there was no evidence to support his attorneys' belief that his wife could be prosecuted. Spear also alleges that, at his change of plea hearing, an FBI agent threatened him to plead guilty.

Spear's former attorney, Calvin Taylor, testified during the hearing held on June 13, 2018, that, at the time Spear decided to plead guilty, the Government's investigation and review of evidence was ongoing and the Government had already located some evidence that another adult assisted in the production of some of the images at issue. Mr. Taylor explained that Spear decided to plead guilty because Spear was anxious to stop the investigation, to prevent the removal of his children from their home, and to prevent the possible indictment of Spear's wife.

"To be voluntary, a plea must 'not be the product of actual or threatened physical harm, or . . . mental coercion overbearing the will of the defendant.'" *Austin v. Davis*, 876 F.3d 757, 783 (5th Cir. 2017) (quoting *Matthew v. Johnson*, 201 F.3d 353, 365 (5th Cir. 2000)). "A defendant pleading guilty must also be competent, have notice of the charges against him, understand the consequences of his plea, and have available the advice of competent counsel." *Id.*

During the change of plea hearing, Spear informed the Court that he had obtained a high school diploma as well as an avionics technology degree from a community college, and he had served over twenty years in the United States Armed Forces. He also testified that he had an opportunity to read the plea agreement and plea supplement and to go over those documents with his attorney before he signed them. He further testified that he fully understood all of the terms and conditions of the plea agreement. He agreed that, other than the written plea agreements, no one had made any other type of offer or promise in order to cause him to plead guilty. He also denied that any one had forced him to plead guilty or threatened him in order to cause him to plead guilty. He also testified that no one had threatened him or coerced him to cause him to waive his right to appeal and his right to file a 2255 Motion.

Generally, a defendant cannot refute his plea hearing testimony given under oath with statements made after conviction. *United States v. Fuller*, 769 F.2d 1095, 1099 (5th Cir. 1985). "Solemn declarations in open court carry a strong presumption of verity," forming a "formidable barrier in any subsequent collateral

proceedings." *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977); *see also United States v. Lampaziane*, 251 F.3d 519, 524 (5th Cir. 2001). Therefore, the Fifth Circuit affords "great weight to the defendant's statements at the plea colloquy." *United States v. Cothran*, 302 F.3d 279, 283-84 (5th Cir. 2002).

Spear has not demonstrated that he was subjected to any threats of coercion. Instead, his plea was based on his own motivation to stop an ongoing criminal investigation…a reasoned and intentional strategy that obtained the results he sought. Furthermore, his sworn testimony at the change of plea hearing directly contradicts his current assertions. The record reflects that Spear is intelligent, and he was well-informed of the consequences of pleading guilty. Therefore, the Court finds that Spear's plea was knowing and voluntary.

## IV. SPEAR'S REMANING CLAIMS

A defendant may, as part of a plea agreement, waive the right to seek post-conviction relief, including relief pursuant to § 2255. *See United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994). Where, as here, a defendant has pleaded guilty and waived his right to file a motion pursuant to § 2255, the only ineffective assistance of counsel claim to survive the waiver is one claiming the ineffective assistance "directly affected the validity of waiver or the plea itself." *United States v. White*, 307 F.3d 336, 343 (5th Cir. 2002). Thus, the Court asks "whether the plea or waiver itself was knowing and voluntary, and whether the issue challenged on appeal may properly be the subject of waiver. If the answer to both questions is 'yes,' then the

-6-

guilty plea sustains the conviction and sentence and the waiver can be enforced." *Id.* at 343-44.

The record reflects that Spear's guilty plea and his waiver of rights were knowing and voluntary, and he has not shown that the alleged ineffective assistance of counsel affected the validity of his plea or his waiver. Therefore, all other claims contained in Spear's 2255 Motion are waived.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the Motion [37] to Amend filed by Spear is **GRANTED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that Philip Joseph Spear's Motion [26] Under § 2255 to Vacate, Set Aside, or Correct Sentence by Person in Federal Custody, as amended, is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 19th day of June, 2018.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE